**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| KIMBERLY STARLING, on behalf of herself and others similarly situated, | : <br> : CIVIL ACTION FILE NO. |
| Plaintiff, | : <br> : <br> : **COMPLAINT – CLASS ACTION** |
| v. | : <br> : |
| BASANI FINANCIAL SERVICES LLC d/b/a BASANI LLC and KARMA FINANCIAL GROUP LLC d/b/a SP INSURANCE GROUP | : **JURY TRIAL DEMANDED** <br> : <br> : <br> : |
| Defendants. | |

Plaintiff Kimberly Starling (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

**NATURE OF ACTION**

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations

was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. This case involves a campaign by Basani Financial Services LLC, doing business as Basani LLC, and its related company, Karma Financial Group LLC, doing business as SP Insurance Group, to generate new customers for Aflac insurance services through the use of telemarketing despite not having the requisite consent to contact those individuals who, like the Plaintiff, were listed on the National Do Not Call Registry.

4. Because telemarketing campaigns use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of proposed nationwide class of other persons who received similar calls.

5. A class action is the best means of obtaining redress for the Defendants' illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

6. Plaintiff Kimberly Starling is an individual citizen and resident of the Northern District of Texas.

7. Defendant Basani Financial Services LLC, which does business under Basani LLC, are Ohio LLCs with their principal place of business of 55 Public Square, Unit 1406, Cleveland, OH 44113.

8. Defendant Karma Financial Group LLC, which does business under the fictitious name SP Insurance Group, is an Ohio LLC with its principal place of business at 1440 Rockside Rd Ste 319 Cleveland OH 44134.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

10. This Court has general personal jurisdiction over Basani and Karma because they are headquartered and have their principal places of business in the Ohio.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because the Defendants all reside in the Northern District of Ohio.

## TCPA BACKGROUND

12. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . .

can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**A.     The TCPA prohibits calls to numbers on the National Do Not Call Registry.**

13.     The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

14.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

15.     A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

16.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**B.     The TCPA requires entities to have sufficient policies in place to prevent unwanted calls before making telemarketing calls.**

17.     The TCPA specifically required the Federal Communication Commission ("FCC") to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

18.     The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of . . . company-specific 'do not call systems . . .)" and "develop

proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

19. Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 F.C.C. Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

20. These regulations are codified at 47 C.F.R. §§ 64.1200(d)(1)-(7). Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do not call list, train personnel engaged in telemarketing on the existence and use of its internal do not call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. §§ 64.1200(d)(1, 2, 3, 6). This includes the requirement that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity can be contacted." 47 C.F.R. § 64.1200(d)(4).

## FACTUAL ALLEGATIONS

21. Both Defendants are "persons" as the term is defined by 47 U.S.C. § 153(39).

22. At no point has the Plaintiff sought out or solicited information regarding Defendants' goods and services prior to receiving the telemarketing calls at issue.

Calls to Plaintiff

23. Ms. Starling's telephone number, 817-XXX-XXXX, is a residential telephone line.

24. Plaintiff uses the telephone number for personal, residential, and household needs and reasons.

5

25. The number is assigned to a residential telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

26. Plaintiff's telephone number has been listed on the National Do Not Call Registry since she listed it there nineteen years prior to the calls at issue.

27. Plaintiff has never been a customer of Basani, Karma, or Aflac and never consented to receive calls from any of them.

28. The following calls were made to pitch the Plaintiff to purchase life insurance, including from Aflac.

29. On July 9, 2024, the Plaintiff received two calls from the telephone numbers 469-751-6416 and 469-751-6391, but they were missed calls and the Plaintiff did not answer them.

30. Thinking the calls were important, the Plaintiff called the 469-751-6391 number back and spoke with licensed agent Dean Phillips, who explained that he was a licensed representative calling about affordable rates for burial expenses. Dean Phillips was later to be revealed as an employee of Karma.

31. During the call, Dean Phillips wasted no time getting into a sales pitch and quoting the Plaintiff an $88.59/month policy for $20,000 worth of Aflac insurance coverage.

32. That Plaintiff stated that she was busy and ended the call. She did not request or consent to receive any future calls from Defendants.

33. Despite this indication of non-interest, the Plaintiff received three text messages from Dean Phillips from the phone number 888-904-4030 mere minutes later:

6



34. The Plaintiff continued to get incessant calls from Dean Phillips, including two calls from 469-824-2473, and one call from 310-650-2849.

35. When the Plaintiff called the 310-650-2849 number back, Dean Phillips answered and stated that the number was his personal cell phone, and that he worked for Defendant Karma, of which SP Insurance Group was a DBA.

36. Dean Phillips continued to call and text the plaintiff thrice that same day from the 310-650-2849 number.

37. Dean Phillips also made a total of five additional calls from various 469- area code numbers on July 9, 10, and 11, of 2024.

38. Thereafter, the Plaintiff sent investigatory correspondence to Basani and Karma to ascertain why she was called illegally, on July 11, 2024, and explicitly revoking any consent to be contacted.

7

39. Nevertheless, the Plaintiff received two more calls from Karma, one from the phone number 469-751-6260 on July 12 and the other from 469-751-6250 on July 15 from an employee of Karma named Jacob Rojas soliciting Aflac insurance.

40. The exact nature of Basani's connection to Karma is not clear at this time. The same counsel represents both entities, and both entities share common ownership.

41. Moreover, Karma's website indicates both on its Privacy Policy and Terms that the website is operated by Basani Financial Services, LLC.

42. Mr Rojas stated that he was calling because Dean Phillips had tried calling previously. Plaintiff informed Mr. Rojas that she had already sent a request in writing informing his company that she did not want to receive any additional calls. She requested again that her number be taken off of their solicitation list.

43. These text messages and calls were sent to market goods and services, specifically, insurance.

44. Plaintiff received more than one telemarketing call in a 12-month period.

45. Plaintiff's privacy has been violated by the above-described telemarketing calls.

46. Plaintiff never provided her consent or requested these calls.

47. The aforementioned calls to the Plaintiff were unwanted.

48. The calls were non-consensual encounters.

49. Plaintiff and all members of the class defined below, have been harmed by the acts of Defendants because their privacy has been violated and they were subjected to annoying and harassing calls that constitute a nuisance. In addition, the calls occupied their telephone lines, battery life, data, and storage space, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## CLASS ACTION ALLEGATIONS

50. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

51. Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23:

> **National Do Not Call Registry Class**: All persons in the United States whose, (1) telephone numbers were on the National Do Not Call Registry for at least 30 days, (2) but received more than one telephone solicitation from or on behalf of Karma or Basani (3) within a 12-month period, (4) from four years prior to the filing of the Complaint.
>
> **Internal Do Not Call Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls in a 12-month period, (3) who were not current customers of the Defendant at the time of the calls, (4) who had previously asked for the calls to stop or for a copy of Defendant's Do Not Call Policy and (5) within the four years prior to the filing of the Complaint.

Excluded from the Classes are counsel, the Defendants, and any entities in which the Defendants have a controlling interest, the Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

52. The Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as she has no interests that conflict with any of the Class members.

53. Plaintiff and all members of the Classes have been harmed by the acts of the Defendants, including, but not limited to, the invasion of their privacy.

54. This Class Action Complaint seeks injunctive relief and money damages.

55. The Classes as defined above are identifiable through dialer records, other phone records, and phone number databases.

9

56. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each of the Classes.

57. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim.

58. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

59. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the claims predominate over questions which may affect individual class members because of the uniformity of the telemarketing conduct.

60. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

    (a) whether multiple telemarketing calls were made promoting Defendants' goods or services to members of the Class;

    (b) whether Defendant recorded or honoured "do not call" requests of Plaintiff and members of the Internal Do Not Call Class;

    (c) whether the telemarketing calls at issue were made to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

    (d) whether Defendants' conduct constitutes a violation of the TCPA; and

    (e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct.

61. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions.  Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes and have the financial resources to do so.

62. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendants and/or their agents.

63. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227(c)(5), et seq. and 47 C.F.R. § 64.1200(c))**
**on behalf of the National Do Not Call Registry Class**

64. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

65. Defendants violated the TCPA and the Regulations by having their employees and agents make two or more telemarketing calls within a 12-month period to Plaintiff and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

66. As a result of Defendants' violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and National Do Not Call Registry Class members are each entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

67. Plaintiff and National Do Not Call Registry Class members are each entitled to an award of treble damages if Defendants' actions are found to have been knowing or willful.

11

68. Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the third parties that generate leads for Defendants from advertising its goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

## SECOND CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d))
### (On Behalf of Plaintiff and the Internal Do Not Call Registry Class)

69. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

70. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

71. Defendants' violations were negligent, willful, or knowing.

72. As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Injunctive relief prohibiting Defendants from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

B. As a result of Defendants' negligent, willful and/or knowing violations of 47 U.S.C. 227(c)(5), Plaintiff seeks for herself and each member of the Classes up to treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

D. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: September 26, 2024

        PLAINTIFF,
        By her attorney

        */s/ Brian T. Giles*
        Brian T. Giles (0072806)
        GILES & HARPER, LLC
        7247 Beechmont Ave.
        Cincinnati, Ohio 45230
        Telephone: (513) 379-2715
        bgiles@gilesharper.com

        Attorney for Plaintiffs